Davis's Lessee vs. Davis's Heirs.

June.

APPEAL from a judgment of the General Court, rendered in an action of *ejectment* brought by the appellant. The declaration contained a demise for a tract of land called *Brewerton*, containing 400 acres, and one for a tract called *Linham's Search*, containing 88 acres, both lying in *Anne-Arundel* county. There was also a demise for an undivided moiety of the same lands, omitting the quantity of acres contained in each tract. The defendant, (the ancestor of the appellees,) took general defence and issue was joined. The plaintiff, at the trial at May term 1805, read in evidence a grant dated the 7th of September 1659, to *John Brewer*, for a tract of land called *Brewerton*, formerly surveyed for *William Pyther*, lying

Where the facts offered in evidence by the plaintiff were not sufficient and legal evidence to warrant the jury in finding that a person, under whom the plaintiff claimed, died seized of the land for which the ejectment was brought, in opposition to 60 years possession of the defendant.——The strongest presumption of a good title, being in favour of the defendant

on the west side of *Chesapeake* bay, on the west side of the South river, &c. containing 250 acres. He also read certain entries from the rent rolls; by one of them it appeared that a tract of land called *Pytherton*, was surveyed on the 20th of June 1652, for *William Pyther*, lying on the west side of South river, containing 250 acres, and that it was in the possession of *James Saunders*, for *Parnall's* orphans. By another entry it appeared, that the tract called *Pytherton*, surveyed as above mentioned, was granted to *John Brewer* on the 7th of September 1659, and called *Brewerton*, and that it was in the possession of *Robert Davis.* By another entry it was stated, that the tract called *Brewerton* was resurveyed on the 9th of November 1704, for *Joseph Brewer*, and contained 460 acres, and that the following alienations had taken place, viz. "250 acres. *Robert Davis* from *William Davis* and *William Peacock*, 12th of September, 1744. 100 acres. *Solomon Weeden* and wife from *John Gresham*, 2d of June 1744. 100 acres. *John Iiams* from *Joseph Williams*, 12th of January 1747. 130 acres. *James Maccubbin* from *Ferdinando Brewer*, 12th of October 1747." He also read the grant for *Linham's Search*, issued to *John Linham* on the 12th of June 1688, and containing 58 acres. Also a deed from *William Peacock* and *William Davis* to *Robert Davis*, dated the 12th of September 1744, for *Brewerton* and *Linham's Search.*— He then proved by *John Welch*, aged 76 years, that when he the witness was a boy in the year 1738, he was at the house of *Robert Davis*, who was then married to the defendant *(a)*, and lived upon and possessed the lands for which this suit is brought; that *Davis* always, after his marriage with the defendant, and until his death, lived on the land and possessed the same, and after his death his wife, the defendant, lived upon and possessed the same down to this time, and still does. That he never knew or heard that any person, except *Robert Davis* and his wife, possessed the land, or any part of it, from the year 1738 down to this time. That *Sarah Davis*, the defendant, had two sisters who, together with *Sarah*, were the daughters of *Daniel Paine*; *Sarah* was the eldest, married to *Robert Davis* as above; *Frances*, the second, married *William Peacock*, who lived with her some years, and died leaving

*(a)* She afterwards died, and her heirs were made parties.

1808

Davis
vs
Davis

her a widow; that she remained a widow two or three years, and married the deponent's brother, with whom she lived two or three years, and died about the year 1750 or 1751, without issue. That *Elizabeth*, the third daughter, remained single several years after he first knew the family in 1738, afterwards married *William Davis*, brother of the above mentioned *Robert Davis*, by whom she had four children, one of them, the eldest, father of the lessor of the plaintiff in this cause; that she died before her husband, but when he does not recollect. That he knew nothing of the title under which *Robert Davis* and his wife, the defendant, held the lands for which this suit is brought, but he had often heard that *Sarah Davis*, and her husband, lived on her father's plantation, and when *Frances* above named, died, she expressed a wish to be buried alongside of her father, and was carried to *Robert Davis's* plantation, the lands for which this suit is brought, and there buried; that *Frances Peacock*, above named, when she married the brother of the deponent, was more than twenty-one years of age. The plaintiff then offered in evidence, by cross examining *William Brewer*, a witness produced and sworn by the defendant, that he the witness was aged about 73 years; that he had been acquainted with the three daughters of *Daniel Paine* above named, ever since he was six years old; that *Paine* had two other daughters, *Priscilla*, who married and left no issue now living, the other *Ann* who died young and unmarried. That he understood *Elizabeth* was the youngest of the five daughters; that he had often heard his father say, that *Daniel Paine* was an *Englishman*, who got the land in question by his wife; that the four daughters were co-heirs, and got the land by inheritance from their mother; that he understood that *Frances* and *Elizabeth* lived in *Calvert* county with a Mrs. *Wilkerson*, a relation, till *Sarah Davis*, her sister, married, when that happened he frequently saw *Elizabeth* the youngest sister at *Robert Davis's*, who lived upon the land, and believes she lived sometimes with her sister *Davis*, and sometimes with her sister *Peacock*, till she *Elizabeth* married *William Davis*. The plaintiff then read certain entries from the parish registers for *All Hallows* Parish, viz. "*Mary*, the daughter of *James*, and *Sary Parnall* his wife, was born the 9th day of April 1697, in the parish of *All Hallows*, and baptized the 25th

day of July 1698. *Priscilla,* daughter of *Daniel* and *Mary Pane,* was born June 1, 1714. *Mary,* daughter of *Daniel* and *Mary Pane,* was born July 29, 1717. *Sarah,* daughter of *Daniel* and *Mary Pane,* was born May 24, 1720. *Frances,* daughter of *Daniel* and *Mary Pane,* was born August 21, 1722." The plaintiff also proved, that the lands in question are situated in *All Hallows* Parish. He also proved that *Elizabeth,* above named, who married *William Davis,* died about 12 or 14 years ago, leaving four children, *Daniel* her eldest son, *William, Robert* and *Mary;* that *William Davis,* her husband, died soon after, about 10 or 12 years ago; that *Daniel,* the son, died in the life-time of his father, leaving seven children, now alive, of which the lessor of the plaintiff is the eldest. The defendant then read to the court a patent granted to *John Brewer* on the 16th of February 1659, for 400 acres of land, called "*Brewerston,* lying on the west side of Chesapeake bay, and on the west side of a river in the said bay, called *Road River,*" &c. She also read to the court a patent to *Joseph Brewer* for 460 acres of land, called *Brewerston,* dated the 20th of March 1710. This was a resurvey of the last above mentioned tract, devised by *John Brewer* to his two sons, *William* and *John;* that *John,* the son, devised to *Joseph* his son. She also read an entry in the rent rolls concerning the said lands, viz. "*Brewerston,* patented to *John Brewer* the 16th day of February 1659, lying in *Anne-Arundel* county, on the west side of Road River, and containing 400 acres. On the 20th of March 1710; a patent issued to *Joseph Brewer* for 260 acres of land, lying in *Anne-Arundel* county, being a resurvey on one moiety of a tract called *Brewerston,* originally granted to *John Brewer* for 400 acres." She then produced a witness, *William Brewer,* aged about 73 years, who being duly sworn, deposed, in addition to what has been before stated, that ever since he was six years old he was well acquainted with *Robert Davis,* and his wife the defendant; that when he first knew them they lived upon the lands for which this suit is brought, and after the marriage of *William Davis* and *Elizabeth Paine,* before stated, they, *Robert Davis,* and *Sarah* his wife, and no other person whatever, possessed the same, and that they continued so to possess the lands ever after, until *Robert Davis* died, and that after he died, his wife, the defendant,

continued to do so till this time, and now does, and that he the witness had lived all his life, and still lives, adjoining the lands for which this suit is brought. The plaintiff then prayed the opinion of the court, and their direction to the jury, that if they are of opinion from the evidence, that *Daniel Payne* and *Mary Payne* died seized of the lands mentioned in the declaration, and find the facts stated by the plaintiff to be true, yet although they should also be of opinion that the facts stated by the defendant are true, the plaintiff is entitled to recover an undivided interest in the lands in the declaration mentioned.

*Key* and *Johnson*, for the Plaintiff.

*Mason*, for the Defendant, cited *Esp.* 459, and *Gilb. L. E.* 103, 104.

CHASE, Ch. J. The facts and circumstances disclosed in evidence are not sufficient for the jury to presume a title in the heirs of *Parnell*, or a deed to *Parnell*, against the defendant, with sixty years possession. The entries on the rent roll should show a correspondent title. The strongest presumption in this case, of a good title, is in favour of the defendant.

The court are of opinion, that the facts stated by the plaintiff, although the jury should find them to be true, are not sufficient and legal evidence to warrant the jury in finding that *Daniel Payne* and *Mary Payne* were seized of the lands, and died seized thereof, in opposition to the facts stated by the defendant, if the jury should find them to be true. The court therefore refuse to give the direction prayed. The plaintiff excepted; and the verdict and judgment being for the defendant, the plaintiff appealed to this court.

At a former term the death of *Sarah Davis*, the then appellee, was suggested, and her heirs, the now appellees, were permitted to appear, &c.

The cause was argued before TILGHMAN, BUCHANAN, NICHOLSON, and GANTT, J. by

*Johnson*, (Attorney-General,) for the Appellant; and by *Martin*, *Ridgely* and *T. Buchanan*, for the Appellees.

JUDGMENT AFFIRMED.